Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| MARILYN HERNÁNDEZ RODRÍGUEZ<br>Peticionaria<br><br>v.<br><br>GERARDO NEGRÓN ORTIZ<br>Recurrido | KLAN202301140 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Orocovis<br><br>Caso Núm. B4CI201700327<br><br>Sobre: Desahucio |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Jueza Aldebol Mora

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de enero de 2024.

a.

Examinado el recurso de *certiorari*[1] instado por el señor Gerardo Negrón Ortiz el 21 de diciembre de 2023, así como la *Oposición a recurso de certiorari* presentada por la señora Marilyn Hernández Rodríguez el 28 de diciembre de 2023, determinamos no expedir el recurso solicitado.

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. AIG,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal intermedio la corrección de un error cometido por el tribunal inferior. *García v. Padró,*

---

[1] El 21 de diciembre de 2023, emitimos *Resolución* acogiendo el recurso de *Apelación* como uno de *certiorari,* pues se trata de un asunto postsentencia.

NÚMERO IDENTIFICADOR

SEN2024_____

165 DPR 324, 334 (2005). La expedición de este auto **descansa en la sana discreción del tribunal** y encuentra su característica distintiva, precisamente, **en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos**. *Municipio Autónomo de Caguas v. JRO Construction,* supra en la pág. 711; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012) (Énfasis nuestro). A diferencia de la apelación de una sentencia final, el auto de *certiorari* es un recurso procesal de carácter discrecional. *Rivera Figueroa v. Joes European Shop*, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, especifica las circunstancias en las cuales estamos habilitados como foro intermedio para revisar resoluciones y órdenes interlocutorias dictadas por el TPI. Sin embargo, con relación las determinaciones postsentencia, nuestro Tribunal Supremo ha manifestado que las tales *no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de certiorari. IG Builders v. BBVAPR,* supra en la pág. 339. De igual forma, sobre el mismo asunto el alto Foro dictó en la Opinión citada que, al *emitirse este tipo de decisión, luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto por dictámenes judiciales finales. Íd.* Por lo tanto, *en este contexto adquiere mayor relevancia la consideración de la Regla 40 del Reglamento del Tribunal de Apelaciones, (4 L.P.R.A. Ap. XXII-B, R. 40), para determinar sobre la expedición de un recurso de certiorari. Íd.*

La referida Regla 40 enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari.*[2] Los tales sirven de guía para poder, de manera sabia y prudente,

---

[2] A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 97 (2008).

c.

A la luz de los criterios que dirigen el ejercicio de nuestra discreción al expedir un recurso de *certiorari,* no apreciamos las circunstancias que nos habiliten para intervenir en esta etapa de los procedimientos. A pesar de que la parte peticionaria presuntamente recurre ante nosotros de una *Orden y mandamiento de lanzamiento* de 15 de diciembre de 2023, dedica su argumentación a cuestionar asuntos que no refieren a dicho lanzamiento, sino más bien a controversias ya dilucidadas a través de dictámenes judiciales advenidos en finales y firmes, como fueron la *Sentencia* emitida por el TPI el 17 de mayo de 2023,[3] y la *Orden* de 1 de septiembre de 2023.[4] Más allá de la corrección, o falta de ella, en los dictámenes aludidos, carecemos de jurisdicción para considerar sus méritos, por cuanto no se recurrió de estos dentro de los términos jurisdiccionales que les correspondían. Entonces, al verificar la argumentación incluida en el recurso de *certiorari* que está ante nuestra consideración, nada encontramos en ella que sustente nuestra intervención respecto a la *Resolución y Orden* de 13 de diciembre de 2023,[5] único dictamen en el cual tendríamos jurisdicción para pronunciarnos.

---

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 L.P.R.A. Ap. XXII-B, R. 40.

[3] Apéndice 13 de la *Oposición a recurso de certiorari,* pág. 62.

[4] Apéndice 15 de la *Oposición a recurso de certiorari civil,* pág. 68.

[5] Apéndice 4 de la *Oposición a recurso de certiorari,* pág. 24.

d.

En definitiva, hemos determinado denegar la expedición del recurso de *certiorari* presentado. En consecuencia, se deja sin efecto la paralización de los procesos previamente dictada por este Tribunal de Apelaciones.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones